USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 94-2184 KATHLEEN NUCCIO, Plaintiff - Appellant, v. LUKE NUCCIO, Defendant - Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE [Hon. David M. Cohen, U.S. Magistrate Judge] _____________________ ____________________ Before Boudin, Circuit Judge, _____________ John R. Gibson,* Senior Circuit Judge, ____________________ and Stahl, Circuit Judge. _____________ _____________________ Toby H. Hollander, with whom Law Offices of Toby H. ___________________ __________________________ Hollander was on brief for appellant. _________ David P. Very with whom Peter J. DeTroy III and Norman, ______________ ____________________ _______ Hanson & DeTroy were on brief for appellee. _______________ ____________________ June 27, 1996 ____________________  ____________________ * Of the Eighth Circuit, sitting by designation. Per Curiam. In our opinion of August 9, 1995, we __________ certified to the Supreme Judicial Court of Maine pursuant to Maine Revised Statute, 4 M.R.S.A. 57 (1989), the question of whether the facts in this case provide a basis to apply equitable estoppel so as to toll the statute of limitations during the period of plaintiff's repressed memory. We retained jurisdiction of this appeal pending determination of the issues.  We certified this question:  Does a showing that a plaintiff, who was the victim of childhood sexual abuse, suffered repressed memory as a result of a defendant's threats of violence and generally violent nature, her witnessing acts of violence by the defendant, and her fear of the defendant, provide a basis for the application of equitable estoppel so as effectively to toll the statute of limitations during the period that the plaintiff's memories remain repressed? The opinion of the Supreme Judicial Court of Maine of April 8, 1996, has answered this question in the negative, stating that if Kathleen suffered repressed memory as a result of the previously imposed violent conduct, as she claims, this does not at this time equitably estop Luke from invoking the statute of limitations. Accordingly, we affirm the order granting summary ______ judgment in favor of Luke Nuccio on the basis that the Maine statute of limitations barred Kathleen Nuccio's suit. -2-